IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND J. GELLERT, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-20-3004 |
| DISTRICT COURT OF MARYLAND, et al., | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

On October 28, 2020, this Court consolidated Civil Action Nos. PX-20-3004 and PX-20-3077, and directed Plaintiff Raymond Gellert, Jr. to file an amended complaint and to pay the full civil filing fee or move to proceed in forma pauperis. ECF No. 2. On November 9, 2020, Gellert filed an Amended Complaint but neither paid the filing fee nor requested to proceed in forma pauperis. On December 21, 2020, Gellert filed a supplement to the Amended Complaint. For the reasons discussed below, only the claim set forth in Gellert's supplement to the Amended Complaint may proceed.

The Amended Complaint names several defendants: Talbot County State's Attorney's Office, State's Attorney Colin C. Carmello, Talbot County Court System, Ms. Banks, Judge Raymond E. Beck, Judge Stephen H. Kehoe, and Talbot County Detention Center. Gellert cannot proceed against any of them for alleged civil rights violations because he fails to state a claim on which relief can be granted or seeks to proceed against defendants immune from suit.

As to Judges Beck and Kehoe, the Amended Complaint avers abuse of power and general inattentiveness to Gellert's need for mental health services in connection with Gellert's state criminal proceedings. *Id.* at 3-4. Because the allegations concern decisions made in their judicial

capacities, Judges Beck and Kehoe are judicially immune from suit. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988).

Judicial immunity shields judges from liability for damages for "acts committed within their judicial jurisdiction." *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Such immunity ensures that judges may perform their functions without harassment or intimidation. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation omitted) ("[J]udges should be at liberty to exercise their functions with independence and without fear of consequences"). As the United States Supreme Court has aptly noted, "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (citation omitted). Judicial immunity applies when the challenged action was taken in a judge's judicial capacity - not as a private citizen - and in a case for which the judge maintained subject matter jurisdiction. *Stump*, 435 U.S. at 356, 360-62.

The allegations involving Judges Beck and Kehoe arise in the context of Gellert's state criminal matter, case C-20-CR-19-000105. Moreover, the allegations, accepted as true and most favorably to Gellert, squarely involve a function "normally performed by a judge," namely determining the contours of Gellert's corrective or rehabilitative treatment. *See id.* at 362; ECF No. 4 at 3. Accordingly, claims against Judges Beck and Kehoe are barred by judicial immunity.

As to Carmello, the Amended Complaint avers general abuse and misuse of power in his having charged Gellert with second degree assault. ECF 4 at 2. State prosecutors are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to

investigative or administrative ones.  *See Imbler*, 424 U.S. at 422-23; *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).  Where a prosecutor's actions are closely associated with judicial process, the prosecutor is immune from suit.  *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23).  The Court takes a "functional approach" to "determin[ing] whether a particular act is 'intimately associated with the judicial phase.'"  *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430).  As the Fourth Circuit reasoned in *Nero v. Mosby*, 890 F.3d at 118:

> A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431.

The Amended Complaint centrally concerns Carmello's filing criminal charges against Gellert.  *See* ECF No. 4 at 1-2.  Such charging decisions are inherent in the function of a prosecutor.  Thus, when viewing the allegations as true and most favorably to Gellert, Carmello, too, is immune from suit.  *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

Defendants District Court of Maryland, Talbot County State's Attorney's Office, Talbot County Court System, and Talbot County Detention Center shall be dismissed because they are not "persons" subject to suit under 42 U.S.C. § 1983.[1]; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002).  Inanimate objects such as buildings, facilities, and grounds do not act under color

---

[1] The section states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis supplied).

of state law and so cannot be sued under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Thus, the claims against these Defendants must be dismissed.

Finally, as to Banks, the Amended Complaint avers that Gellert faced criminal charges for malicious destruction of property because Banks had submitted false statements in support of the criminal allegations. *Id.* at 2-3. Banks, a private citizen and the alleged victim in the criminal matter, cannot be sued for civil rights violations. ECF No. 4 at 3; *see* ECF No. 4-1 at 3, Md. Code Ann., Crim. Law § 9-503. Section 1983 is designed to prohibit unlawful conduct of persons acting under color of law. *See Owens v. Baltimore State's Attorney Office*, 767 F.3d 379, 402 (4th Cir. 2014). Importantly, Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). As a private citizen who swore out criminal charges, Banks did not act under color of law. Thus, the claims against her must be dismissed.

Gellert's supplement to the Amended Complaint alleges that Captain Gibbs assaulted Gellert at the Talbot County Detention Center. According to the supplement, Gibbs has mentally abused Gellert for about two months. ECF No. 5 at 1. The supplement also details at least one

incident of physical force during which Gibbs shoved Gellert into a door, hit him with her bags, and threatened future harm. *Id.* at 2-3. Captain Gibbs shall be added as a defendant in this matter and the claims against Gibbs will be the operative complaint.

However, for the case to proceed, Gellert must either pay the filing fee of $400 or file a Motion to Proceed in Forma Pauperis under the Prison Litigation Reform Act. Gellert is forewarned that failure to either pay the fee or move to proceed in forma pauperis will result in dismissal of the operative complaint without prejudice.

A separate order follows.

____1/5/21_____  
Date

_____/S/_____  
Paula Xinis  
United States District Judge